**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | |
|---|---|
| Brent Gardner, ) | Cr. No. 5:05-01156-MBS |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Brent Gardner ("Movant"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. PROCEDURAL BACKGROUND

On October 31, 2006, pursuant to a written plea agreement (ECF No. 67), Movant pleaded guilty to Count 3 of an indictment charging him with possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). ECF No. 69. A sentencing hearing was held on December 18, 2007. ECF No. 84. At the sentencing hearing, both Movant and the Government called fact witnesses. *See generally* ECF No. 105. One of the fact witnesses for the Government was Dominic Butler ("Butler"). *Id.* at 43-57. Butler testified that he was introduced to Movant by Leroy Berry and then subsequently purchased four kilograms of cocaine from Movant. *Id*. at 46-47. Butler also testified that Victor Hidley tested the cocaine sold by Movant and told Butler that "it was pretty good." *Id*. at 48. In part because of the related conduct testified to by Butler, the court sentenced Movant to a term of 235-months imprisonment. ECF No. 89 at 2.

Movant appealed. The Fourth Circuit affirmed the decisions of this court in their

1

entirety.  *See* ECF No. 117.  The Fourth Circuit issued its mandate and judgment on April 10, 2009.  ECF No. 118.  On February 21, 2012, the court entered an amended judgment pursuant to 18 U.S.C. § 3582(c)(2) reducing Movant's sentence to 188 months of imprisonment.

Movant filed the instant § 2255 motion on November 19, 2012. ECF No. 124.  This motion contained as an exhibit a declaration of Leroy Berry (the "Berry Declaration").  ECF No. 124-3.  In this declaration, Leroy Berry makes statements suggesting Butler lied about drug transactions that the court found to be relevant conduct for the purposes of enhancing Movant's sentence.  *See* ECF No. 124-3.  The Government filed a response in opposition and a motion to dismiss on January 30, 2013.  ECF Nos. 132 & 134.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this court entered an order on January 30, 2013, informing Movant of the summary judgment procedure and the consequences should he fail to respond adequately.  ECF No. 135.  Movant filed a reply on March 7, 2013.  ECF No. 139.  The Government filed a reply on March 19, 2013.  ECF No. 141.

On January 15, 2014, Movant filed a motion styled as a motion to expand the record. ECF No. 144.  Attached to this motion was a declaration from Victor Haigler (the "Haigler Declaration"), which purportedly also casts doubt on the testimony of Butler at Movant's sentencing hearing.[1]  *See* ECF No. 144-1.  The Government filed a response in opposition on October 31, 2014.  ECF No. 145.  Pleadings by *pro se* litigants are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151-52 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in

---

[1] Movant contends that the Victor Hidley referenced in Butler's testimony at Movant's sentencing hearing refers to "Victor Haigler, who is Dominic Butler's cousin."  *See* ECF No. 144 at 2.

2

the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."). The court, therefore, construes Movant's "motion to expand the record" as a motion to amend Movant's § 2255 motion. In order to fully evaluate Movant's claim, the court grants Movant's motion to expand the record as construed by the court as a motion to amend. The court considered the contents of that motion and the attached Haigler Declaration.

## II. DISCUSSION

The Government contends that Movant's § 2255 motion is time-barred. ECF No. 134. The court agrees.

To make a timely § 2255 filing, a defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). The Fourth Circuit issued its mandate and judgment in this case on May 27, 2009. ECF No. 119. Because Movant failed to file a petition for writ of certiorari with the Supreme Court, his conviction became final ninety days after the issuance of

the mandate, i.e., on or about August 27, 2009. *See Clay*, 537 U.S. at 524-25. The statute of limitations ran on or about August 27, 2010. Movant's November 12, 2012, filing was thus not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1). There is no evidence that Movant was prevented from filing a § 2255 motion because of any governmental interference, and Movant has not cited a Supreme Court decision recognizing a new right that renders his motion timely. *See* 28 U.S.C. § 2255(f)(2), (3).

Movant does, however, claim to have discovered new facts to support his claim which would render this motion timely under § 2255(f)(4). In support of this contention, Movant argues that the Berry Declaration and the Haigler Declaration indicate that one of the Government's witnesses, Dominic Butler, lied at Movant's sentencing hearing. However, in Movant's memorandum in support of his § 2255 motion, Movant states that he told his counsel before sentencing that counsel should interview Leroy Berry and Berry "would tell [counsel] Butler was lying about their facilitation of drug sales" and was "lying when [Butler] said Leroy Barry [sic] introduced [Dominic Butler] to [Movant]." ECF No. 137 at 3. The facts set forth in the Berry Declaration were thus known to Movant at the time of his sentencing. The court finds that they are not newly "discovered" for the purposes of starting a new limitations period pursuant to § 2255(f)(4). Likewise, Movant heard the testimony by Butler mentioning Haigler at Movant's sentencing hearing. *See* ECF No. 105 at 48. Movant, therefore, could have "discovered through the exercise of due diligence" the information now presented in the Haigler Declaration within the limitations period, i.e., prior to August 27, 2010. 28 U.S.C. § 2255(f)(4). The court concludes that the facts contained within the Berry and Haigler Declarations were

either known to Movant or could have been discovered by Movant with the exercise of due diligence within one year of the date his conviction became final. Movant is unable to demonstrate that one of the other dates listed under § 2255(f) occurred within one year of his November 19, 2012, filing. Therefore, Movant's § 2255 motion is not timely under § 2255(f)(4).

Finally, the court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion.

### III. CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 124, is **DISMISSED**  The Government's motion to dismiss, ECF No. 134, is **GRANTED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84

5

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

      **IT IS SO ORDERED.**

                                        s/ Margaret B. Seymour
                                        Margaret B. Seymour
                                        Senior United States District Judge

Columbia, South Carolina
November 20, 2014